# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

United States of America
v.

Robert Gutierrez

*Defendant(s)*

Case No. 20-mj-4200

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of Auust 14, 2020 in the county of Davidson in the Middle District of Tennessee, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Possession of a Firearm By a Convicted Felon |

This criminal complaint is based on these facts:

See Attached Affidavit

❒ Continued on the attached sheet.

Digitally signed by ADAM DANIELS
Date: 2020.09.17 13:43:39 -05'00'

*Complainant's signature*

Adam Daniels, Special Agent, ATF

*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: 9/17/20

*Judge's signature*

City and state: Nashville, Tennessee

United States Magistrate Judge Alistair E. Newbern

*Printed name and title*

## STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam R. Daniels, being duly sworn, deposes and states the following:

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since March, 2016. I am currently assigned to ATF Nashville Group V in Franklin, Tennessee. As an ATF Agent, I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia. I have been trained in conducting investigations into violations of the Federal firearms laws, the Controlled Substance Act, and other violations of federal law.

2. Prior to my employment with ATF, I served as a police officer in Prince William County, Virginia for over three years. During that time, I investigated offenses including, but not limited to domestic violence, theft, burglary, robbery, narcotics offenses, fraud, murder and aggravated assault.

3. This affidavit is submitted in support of a Criminal Complaint for the arrest of Robert GUTIERREZ for the following offense: Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

4. The facts contained in this statement are based on first-hand knowledge or information learned during this investigation from other law enforcement sources or witnesses related to the investigation. This statement does not provide each and every detail known by your affiant regarding this investigation, but rather provides information necessary to establish probable cause for the arrest of the referenced suspect for the stated offense. Except where indicated, all statements referred to below are set forth in substance and in part, rather than verbatim.

5. On August 14, 2020, I.L. and GUTIERREZ left Indianapolis, Indiana. I.L. drove and GUTIERREZ gave directions. At some point, I.L.'s phone battery died and GUTIERREZ claimed that he was unable to provide or find a phone charger for her. I.L. believed that this was intentional and an attempt by GUTIERREZ to keep I.L. from using her phone. GUTIERREZ used his phone to navigate and gave I.L. directions. After driving around Indianapolis, GUTIERREZ told her they were going to Florida and gave her directions. GUTIERREZ did not tell where in Florida they were going.

6. As they were driving to Florida, passing through Nashville, Tennessee, GUTIERREZ pulled out a black pistol with a gray slide, began handling it, and became increasingly hostile towards her. He told her she was worth a lot of money, and that people wanted her dead. He thought she was setting him up, and questioned her about why she had been at all the "shops." He told her that he thought the vehicle was wired. As she drove, there were times when he pointed the gun at her, times when he pressed it to her head, and times where he pressed it to the back of her seat's headrest. He said he "sliced" one of the bullets, to make it a hollow point, and that when fired it would explode on impact. As he

became more hostile, she pulled a knife out and kept it down by her leg, ready to use to defend herself if necessary.

7. When they were in Nashville, Tennessee, GUTIERREZ became increasingly paranoid and gave her directions that took her off the interstate. I.L. told him that she was having difficulty seeing the road at night. He told her to follow some vehicles that were in front of them. When he told her that, she assumed that she and GUTIERREZ were part of some sort of caravan.

8. While driving in Nashville, GUTIERREZ wrapped the gun he had used in the car in a towel and had it in his lap. I.L. pulled over in a gas station and fled the vehicle. She ran to the back of the gas station, called the police, and told them that someone was threatening her with a gun. She stayed there until the police arrived.

9. On or about August 14, 2020, Metro Nashville Police Department (MNPD) responded to 1277 Antioch Pike, Nashville, for I.L.'s 911 call. MNPD arrived and located I.L.'s vehicle. GUTIERREZ was alone in the vehicle, seated in the front passenger seat. MNPD had GUTIERREZ step out of the vehicle and then detained him.

10. An MNPD officer looked in the vehicle and observed a bag in the middle of the rear floorboard, behind the driver's seat and passenger seat. In plain view in the bag was a SCCY 9mm pistol, model CPX-22. The pistol was black with a gray slide.

11. The aforementioned events occurred in Davidson County, located in the Middle District of Tennessee.

12. I conferred with an Interstate Nexus Expert and was advised the firearm, at some point prior to August 14, 2020, traveled in interstate commerce.

13. I confirmed GUTIERREZ was convicted of a felony prior to the day he was arrested by MNPD. GUTIERREZ has the following felony convictions from the Superior Court of California, County of Fresno: Second Degree Robbery in case number 591217-5; Assault with a Deadly Weapon, case number 593385-8, and Possession of Methamphetamine, case number F10902334. Based on this, I submit that there is probable cause to believe that GUTIERREZ knew he had been previously convicted of a crime involving the punishment of greater than one year prior to August 14, 2020.

14. Based on the foregoing facts, I submit that there is probable cause that Robert GUTIERREZ committed the offense of being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.